

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 8, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-875

Re: Application of occupation
tax on insurance ad-
justers, levied by
Article 19-01, Section 3,
Title 122A, Taxation-
General to independent
local recording agents.

Dear Mr. Calvert:

As your recent letter requesting our opinion upon
the referenced subject contains a detailed fact situation, we
quote it in full, as follows:

"Section (3) of Article 19.01 of
Title 122A, Taxation-General, being HB 11,
56th Leg. 1959, 3rd C.S., Ch. 1, p. 187,
levies an occupation tax on Insurance
Adjusters.

"A question has arisen whether the tax
is due from independent Local Recording Agents
having limited authority to pay small claims,
and who participate to a limited extent in an
advisory capacity in the disposition of other
insurance claims on policies written through
their agencies, all as incidents of their
primary occupation as independent Local
Recording Agents.

"Mr. Forest S. Pearson, acting for himself
and other independent Local Recording Agents
similarly situated, presents the typical
situation.

"Mr. Pearson's business is that of an
independent Local Recording Agent representing
several different companies and 'groups'. His
primary activity is the solicitation of insurance
business, the writing and issuance of insurance
policies, and the collection of premiums, all of
which, insofar as it pertains to his insurance
business, consumes the major portion of his time

and effort.  His compensation from his
insurance business is by way of commissions
directly proportionate to the volume of
premiums written through his agency.

"Mr. Pearson pays small losses which
require no independent investigation, the
liability and amount involved being without
question.  He also acts frequently in an
advisory capacity and to a limited degree
in the negotiation of settlements upon
request of either the insured or the
adjuster.  Practically all losses on
policies written through his agency are
first reported to him by the insured.  If
the reported loss is of a type that has
any investigation or adjustment problems,
the company or its assigned Insurance
Adjuster is immediately notified, at which
point his responsibility for investigation,
negotiation, or reporting thereon ends.
Losses involving substantial sums or sub-
stantial questions of liability fall within
the latter category.  If the loss does not
fall within such category, Mr. Pearson pays
it and is reimbursed by the company.  He
receives no additional or special pay for
any service rendered on losses.

"Mr. Pearson does not maintain a claims
department; he does not employ a claimr
adjuster; he does not hold himself out to
insurance companies, other agents, or the
public as an Insurance Adjuster; he is not
an expert in the techniques of investigation,
negotiation, appraisal, or ascertainment of
liability, characteristic of the profession
of Insurance Adjusters or claim agents; and
the only losses which Mr. Pearson has anything
to do with are those which arise out of
policies written through his agency.  He never
participates in a responsible capacity in the
handling of any loss which arises out of a
policy written through another agency.  His
activities in the field of losses are necessary
incidents of his primary occupation as an
independent Local Recording Agent, being
limited to such as is necessary to efficiently
serve his clients.

"Mr. Pearson's business is in the
nature of an independent business rather than
that of a branch office of a particular company
or group of companies. His clientele hold him
responsible for the selection of companies
which most adequately and appropriately meet
the insurance requirements of his clients. He
is free to restrict his activity to the primary
occupation of soliciting and writing of
insurance policies and the collection of premiums.
In these respects his 'independent' agency is
different from a 'direct writing' agency, where
the agent is an employee or under the direct
control of the principal company or 'group',
and may be directed to perform on behalf of
the employer any duties assigned to him, in-
cluding those duties normally performed by pro-
fessional Insurance Adjusters. The 'direct
writing' agent has no choice of companies.

"Kindly advise whether, under these facts,
the tax applies to Mr. Pearson. A brief on
behalf of Mr. Pearson, prepared by O'Quinn,
McDaniel & Randle, Attorneys at Law, 422
Perry-Brooks Building, Austin, Texas, is
enclosed herewith. The attorneys represent
Mr. Pearson and the Texas Association of
Insurance Agents whose membership is vitally
interested in the question presented."

It is our opinion that a Local Recording Agent, as
illustrated in your letter, is not liable for the occupation
tax on insurance adjusters.

Chapter 19, Title 122A, Taxation-General (H.B.11,
56th Leg., 3rd C.S.) levies miscellaneous occupation taxes.
Article 19.01 (3) reads as follows:

"Insurance Adjusters. From every person
engaged in the occupation of adjusting
insurance losses in this State, there shall
be collected an annual tax of Ten Dollars
($10.00).

"For the purpose of this Subsection, a
person shall be deemed to be engaged in the
occupation of adjusting insurance losses when
he investigates or ascertains the liability
or amount of damage, or negotiates the adjustment

of insurance claims or losses, or reports thereon; whether employed by an insurance company, or companies, or the insured, or is a member of a firm, association of persons, or an employee, or representative, or officer of such firm, association of persons, or an employee, or representative, or officer of such firm, association, or of a corporation, when such firm, association, or corporation is engaged in adjusting insurance losses."

This language is a partial verbatim re-enactment of the previously existing Article 7047-10 (a), R.C.S. Deleted in this re-enactment by the 56th Legislature was an exemption clause which read as follows:

"Provided that this tax shall not apply to any local, recording, soliciting or special agents of any insurance company, nor to any person regularly employed on a salary by any insurance company, who may adjust insurance losses only for a company represented by him, such person not charging or being paid for his services as an insurance adjuster on a fee basis."

Thus, under the previously existing Article 7047-10 (a), no tax liability was incurred by a "local, recording, soliciting or special" agent, or by a salaried adjuster of any insurance company. Though the agent might be handling the duties of an adjuster, his agent's status provided an exemption. The obvious intent of the 56th Legislature in deleting this exemption provision from the present Article 19.01 (3), Title 122A, was to extend the coverage of this tax to every person pursuing the occupation of insurance adjuster, notwithstanding his title or method of compensation.

Therefore, in determining whether or not the present provision was intended to include "independent local recording agents", it is necessary to determine with particularity the nature of the services performed by such agents, then to decide whether or not those services are sufficient to classify them as "insurance adjusters" within the statutory definition.

The tax here involved is an occupation tax. See Hurt v. Cooper, 130 Tex. 433, 100 S.W.2d 896 (1937); See also State v. Galveston, H & S A Ry. Co., 210 U.S. 217, 28 S. Ct. 638, reversing 100 Tex. 153, 97 S.W. 71, (1906); Attorney General's Opinion No. 0-2120. Its incidence is upon every person embraced within the statutory definition. However, such definition was intended to delineate the occupation being

taxed; mere performance of an act or acts specified in the definition cannot create liability for the tax if done incidentally to the pursuit of another occupation. Johnson v. State, 136 S.W.2d 837, (Tex.Crim.App. 1940); Bailey, State Tax Collector v. Southern Bell Telephone Company & Telegraph Company, 40 So.2d 606 (Miss.1949); Appalachian Electric Power Company v. Koontz, 76 S.E.2d 863 (W.Va., 1953); Karnes v. City of Benton, 258 Ky. 425, 80 S.W.2d, 558 (1935). See Attorney General's Opinion No. O-4576 (1942).

We view the acts done by Mr. Pearson in paying small, undisputed claims, and in an advisory capacity during negotiation, as incidental to his occupation as an independent local recording agent, and as such, insufficient to bring him and others similarly situated into the statutorily defined class upon which the tax is levied.

It should be understood, of course, that this opinion is limited to the fact situation which you set forth in your letter as typical of independent local recording agents. Any increased exercise of discretion or granting of authority in the adjustment of losses might compel a different result.

## SUMMARY

Independent local recording agents, performing described duties, are not within the scope of Art. 19.01(3), Title 122A, Taxation-General, and not subject to the occupation tax on insurance adjusters.

Yours very truly,

WILL WILSON
Attorney General of Texas

JRI:jp

APPROVED:

OPINION COMMITTEE:
Gordon C. Cass, Chairman

Marietta Payne
John Steinberger
Donald Benard
Virgil Pulliam

By _____
JAMES R. IRION
Assistant

REVIEWED FOR THE ATTORNEY
GENERAL BY: Leonard Passmore